IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT HUNTINGTON

UNITED STATES OF AMERICA,

        Respondent,

V.                                       CRIMINAL NO. 3:03-00185-01
                                            (CIVIL ACTION NO. 3:04-0825)

DONNIE BRYANT,

        Movant.

## **FINDINGS AND RECOMMENDATION**

On May 11, 2004, following a jury trial in which Donnie Bryant was convicted on a count of an indictment charging possession of a quantity of oxycodone with intent to distribute the same and acquitted on counts charging conspiracy to distribute oxycodone, hydromorphone and hydrocodone and aiding and abetting the possession of firearms in furtherance of a drug trafficking crime, he was sentenced to forty-six months imprisonment to be followed by three years supervised release. He did not appeal his conviction. On August 5, 2004, he filed a motion under the provisions of 28 U.S.C. §2255 asserting that counsel representing him was ineffective with respect to the advice given him concerning an appeal and that his sentence was imposed in violation of the Sixth Amendment, citing the Court's decision in <u>Blakely</u> v. <u>Washington</u>, 542 U.S. 296 (2004). The United States has filed a response to the motion, Bryant has filed a reply and the matter is ripe for decision.

In evaluating movant's claims with respect to his counsel's representation, the Court notes initially that he does not contend in the motion that he asked counsel to file a notice of appeal and counsel refused or neglected to file the notice. He asserts that an appeal was not sought based on counsel's advice, advice which movant contends was not "'within the range of competence demanded of attorneys in criminal cases.'" United States v. Cronic, 466 U.S. 648, 655 (1984), quoting McMann v. Richardson, 397 U.S. 759, 771 (1970). Relying on what he characterized as "insufficient evidence to sustain the jury verdict" and a sentence based on "facts not admitted by [him] or found by a jury," movant asserts that counsel's advice that he had "no basis for appeal" was unreasonable and that he was, as a consequence, deprived of his constitutional right to effective assistance of counsel.

In evaluating counsel's advice with respect to the advisability of an appeal, the Court applies the "now-familiar test" articulated by the Court in Strickland v. Washington, 466 U.S. 668 (1984). Rowe v. Flores-Ortega, 528 U.S. 470, 476 (2000). The standard for attorney performance to be applied under Strickland is that of "reasonably effective assistance" and to prevail on a claim of ineffective assistance a movant must establish not only "that counsel's representation fell below an objective standard of reasonableness," (the performance prong), Strickland v. Washington, supra at 687-88, but that "there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different," (the prejudice prong). Id. at 694. Scrutiny of counsel's performance under Strickland's constitutional standard does not contemplate that the court will apply a "set of detailed rules for counsel's conduct" and in evaluating ineffectiveness claims "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." Id. at 688. Recognizing the "constitutionality protected independence of counsel"

2

and "wide latitude counsel must have in making tactical decisions," the Supreme Court admonished reviewing courts that, in resolving ineffectiveness claims, "scrutiny of counsel's performance must be highly deferential," that every effort must be made "to eliminate the distorting effects of hindsight" and that the challenged conduct must be evaluated "from counsel's perspective at the time." Id. at 689. Moreover, courts "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Id. Utilizing these standards, the Court does not find in the motion or in the record of this case any basis for concluding that counsel's performance was deficient.

The evidence presented in this case was, contrary to movant's conclusory allegations, more than sufficient to sustain the jury's verdict. As pointed out by the United States in its response, and as a review of the record in this case reveals, the evidence at trial included evidence retrieved following execution of a search warrant at movant's residence. Among the items seized were a bottle containing 83.5 80 milligram OxyContin pills, a prescription drug containing oxycodone, $662.00 in cash, a pill splitter and drug handbooks. Evidence at trial also included testimony from a number of cooperating individuals who testified to purchasing drugs at Bryant's residence. In light of the standards applicable to claims of insufficient evidence on appeal,[1] counsel's advice with respect to the viability of a claim of insufficient evidence was clearly reasonable.[2]

---

[1] See, United States v. Akinkoye, 185 F.3d 192, 200 (4th Cir. 1999).

[2] In response to a motion for a new trial, the Court found, inter alia, that the evidence "was more than sufficient as a basis for a jury conviction on count 2 of the superseding indictment."

Movant also appears to contend that counsel was ineffective for failing to anticipate the Court's decision in Blakely,[3] i.e., that counsel failed to anticipate constitutional principles made manifest by Blakely and Booker. As the Court held in Kornahrens v. Evatt, 66 F.3d 1350, 1360 (4th Cir. 1995), however, "the case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law." At the time movant was sentenced, the claims he asserts under Blakely and Booker lacked merit under established precedent in this Circuit. Accordingly, he cannot contend that counsel's advice was deficient because "counsel followed the controlling circuit law at that time and failed to anticipate the rule announced in Booker." United States v. Claiborne, 388 F.Supp. 676, 682 (E.D. Va. 2005).

Beyond alleging ineffectiveness of counsel for failing to anticipate the Blakely and Booker decisions, movant also asserts a right to relief based on the principles announced in those cases, contending that "he should be resentenced without the 'relevant conduct' and 'weapons' considerations because the jury did not find those facts, nor did I admit to them." The question of whether Booker's holding is to be applied retroactively to cases such as movant's, which are before the Court on motion filed under the provisions of §2255, has, however, now been resolved for courts in this circuit. In United States v. Morris, 429 F.3d 65, 66 (4th Cir. 2005), the Court of Appeals for the Fourth Circuit, joining all other circuit courts of appeals which have considered the question, held that "Booker does not apply retroactively to cases on collateral review." Movant's claims with respect to the Court's findings at sentencing, accordingly, provide no basis for relief in this proceeding.

---

[3] Bryant's motion was filed prior to the Court's decision in United States v. Booker, 125 S.Ct. 738 (2005).

## RECOMMENDATION

On the basis of the foregoing findings of fact and conclusions of law, it is **RESPECTFULLY RECOMMENDED** that the relief sought in this §2255 proceeding be denied.

Movant and respondent are hereby notified that a copy of these Findings and Recommendation will be submitted to the Honorable Robert C. Chambers, United States District Judge, and that, in accordance with the provisions of Rule 8(b), Rules Governing §2255 Cases, the parties may, within thirteen days of the date of filing these Findings and Recommendation, serve and file written objections with the Clerk of this Court, identifying the specific portions of the Findings and Recommendation to which objection is made and the basis for such objection. The judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made in accordance with the provisions of 28 U.S.C. §636(b) and the parties are advised that failure to file timely objections will result in a waiver of their right to appeal from a judgment of the district court based on such Findings and Recommendation. Copies of objections shall be served on all parties with copies of the same to Judge Chambers and this Magistrate Judge.

The Clerk is directed to file these Findings and Recommendation and to mail a copy of the same to movant and all counsel of record.

DATED: January 12, 2006

_____
MAURICE G. TAYLOR, JR.
UNITED STATES MAGISTRATE JUDGE